77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ted G. COX, Kathleen Cox, husband and wife; Celestia Cox;
Kathleen Cox, as Guardian of Caleb A. Cox,
Zachariah D. Cox, and Jordan S. Cox,
minors, Plaintiffs-Appellants,
v.
REDI-THERM INSULATION INC., a Utah corporation; Darlene
Otteson, Administratix of the Estate of Alf
Otteson, Defendants-Appellees.
 No. 94-4249.
 United States Court of Appeals, Tenth Circuit.
 Feb. 15, 1996.
 
 ORDER AND JUDGMENT*
 Before ANDERSON, KELLY and HENRY, Circuit Judges.
 
 HENRY
 
 1
 In this diversity action, the Coxes brought suit against Redi-Therm and its agent, Alf Otteson, for injuries sustained in an automobile accident. The Coxes alleged that Alf Otteson negligently struck their vehicle while driving a truck within his capacity as a Redi-Therm employee. We exercise jurisdiction under 28 U.S.C. § 1291.
 
 
 2
 On appeal, the Coxes assert four grounds for the reversal of the district court's entry of judgment. First, they contend that the district court abused its discretion by excluding the testimony of Mr. Andrews, an expert accidentologist. Second, the Coxes argue that the district court abused its discretion by issuing a limiting instruction regarding certain hearsay statements. Third, the Coxes argue that the district court abused its discretion by entering judgment on a jury verdict after the jury deliberated for only one hour and five minutes. Finally, the Coxes contend that the district court committed fundamental error by allowing Redi-Therm's counsel to make certain comments during opening and closing arguments, even though the Coxes failed to enter a timely objection.
 
 
 3
 We have reviewed these arguments and find them lacking in merit. The district court neither abused its discretion nor committed fundamental error. We therefore AFFIRM the decision of the district court.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3